NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 9 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JARRON EDMOND, | No. 22-55024 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-06636-MCS-KS |
| v. | |
| KURT LOCKWOOD, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| CITY OF LOS ANGELES; DOES, 1 through 10, inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted February 15, 2023
University of San Diego

Before: McKEOWN, OWENS, and BUMATAY, Circuit Judges.
Dissent by Judge BUMATAY.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Kurt Lockwood appeals from the district court's denial of summary judgment on his qualified immunity defense to Jarron Edmond's 42 U.S.C. § 1983 action against him for the excessive use of force. The district court denied summary judgment on the ground that if the jury adopts Edmond's version of the facts, Lockwood is not entitled to qualified immunity. As the parties are familiar with the facts, we do not recount them here. We affirm.

We review the district court's summary judgment order and qualified immunity analysis de novo. *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011) (en banc). Because this case comes to us on interlocutory appeal of a denial of qualified immunity, we have jurisdiction only over Lockwood's argument that he is entitled to qualified immunity as a matter of law. *Villanueva v. California*, 986 F.3d 1158, 1164-65 (9th Cir. 2021). As a result, we "constru[e] the facts and draw[] all inferences in favor of" Edmond. *Id.* at 1165 (citation omitted).

If a police officer's conduct violated a constitutional right and the unlawfulness of their conduct was clearly established at the time of the incident, the officer is not entitled to qualified immunity. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018).

Here, a reasonable jury could adopt Edmond's version of events: a reasonable police officer would have perceived no more than an armed man running away from the police on a path through an apartment complex and

changing direction by ninety degrees. Lockwood testified that he did not believe Edmond had a gun in his right hand and, drawing all inferences in Edmond's favor, we must assume that Edmond never reached for his pocket or held his gun with his left hand. Rather, his arms were at his sides pumping back and forth as he was running, and the gun dropped out of his pocket when he was shot and fell to the ground. Under this version of the facts, Lockwood's shooting of Edmond violated the Fourth Amendment because a reasonable officer would not have believed that Edmond posed a threat of death or serious physical injury to Lockwood or others. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Mattos*, 661 F.3d at 441 (observing that the most important factor in the reasonable force analysis is whether a reasonable officer would have perceived an immediate threat).

Lockwood's conduct also violated clearly established law because the Ninth Circuit has clearly established that police officers may not use deadly force on an individual who has not acted threateningly at any time during or prior to the encounter, even if they believe the individual has a firearm. *See Est. of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1010-11 (9th Cir. 2017); *C.V. ex rel. Villegas v. City of Anaheim*, 823 F.3d 1252, 1254, 1256 (9th Cir. 2016); *George v. Morris*, 736 F.3d 829, 832-33, 838 (9th Cir. 2013); *see also Cruz v. City of Anaheim*, 765 F.3d 1076, 1078-79 (9th Cir. 2014). This is true even where the suspect is fleeing on foot. *Curnow ex rel. Curnow v. Ridgecrest Police*, 952 F.2d 321, 322-23, 325

3

(9th Cir. 1991) (affirming the district court's denial of qualified immunity at summary judgment where an officer shot a suspect for the second time as the suspect fled his house holding a semiautomatic rifle by the muzzle).

A jury may (or may not) ultimately resolve the disputed facts such that Lockwood is entitled to qualified immunity, but at this stage of the proceedings we are jurisdictionally limited to viewing the disputed facts in Edmond's favor, and under those facts, Lockwood is not entitled to qualified immunity.

Each party shall bear its own costs.

**AFFIRMED**.

*Edmond v. Lockwood*, No. 22-55024
BUMATAY, Circuit Judge, dissenting:

The status of qualified immunity has been a subject of national debate in recent years. But until Congress or the Supreme Court says otherwise, our duty is to apply the doctrine fairly. And this case presents precisely the situation for which qualified immunity was developed—to prevent courts and litigants from second-guessing split-second, life-and-death decisions made by law enforcement officers.

Here, body-camera footage shows officers identify Jarron Edmond as a "man with a gun." Edmond flees from officers into a dimly lit alleyway leading to an apartment complex.[1] One of the officers, Officer Lockwood, orders Edmond to stop and warns him he will use deadly force. But Edmond continues on. As Edmond turns a corner, he lowers his hands to his pockets. Edmond retrieves a cellphone in his right hand. What Edmond does with his left hand is disputed. Some frames of the footage suggest a black object in his left hand. Either way, it's clear that Edmond's left hand is in close proximity to where he stashed his gun in his pants. Fractions of a second later, Officer Lockwood fires four shots in quick succession at Edmond. Before he falls to the ground, Edmond drops a gun to the floor. True, Edmond contests whether the gun was in his left hand and so we must construe that fact in his favor. *Villanueva v. California*, 986 F.3d 1158, 1164–65 (9th Cir. 2021).

---

[1] https://www.youtube.com/watch?v=gtzgzrZjBWE&t=198s.

But even under Edmond's version of events, no clearly established law shows that Officer Lockwood used excessive force in violation of the Constitution. Thus, Lockwood is entitled to qualified immunity.





In the light most favorable to Edmond, Officer Lockwood confronted a fleeing armed suspect, in the middle of the night, who started to turn in Lockwood's

direction while lowering his hands to his pockets where he had a gun. This turn presented a perilous situation for Officer Lockwood because it takes only a fraction of a second to convert a 90° turn into a firing stance. And nothing in the law requires that an officer "wait until a gun is pointed at [him] before [he] is entitled to take action." *Anderson v. Russell*, 247 F.3d 125, 131 (4th Cir. 2001). Instead, deadly force is authorized when an officer "reasonably believed [that] such force was necessary to protect himself or others from death or serious physical harm." *Curnow ex rel. Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991).

It's clearly established that a police officer can't use deadly force against a nonthreatening suspect—even if armed. But no case holds that an officer violates the Constitution by using deadly force on a fleeing suspect with a gun who abruptly turns in the officer's direction and moves his hands toward where he is believed to be carrying a gun. We certainly did not reach that conclusion in *Curnow*. In *Curnow*, we concluded the officers could not shoot a suspect in the back who never reached for a nearby gun. *Id*. at 323, 325.

By contrast, while fleeing from the officers here, Edmond ignored Lockwood's repeated commands and deadly force warnings, moved his hands from above his head down to the area near his pockets where his gun was, and turned 90° to his right—halfway from facing Officer Lockwood head-on. Simply, the facts here are too different from *Curnow* to place this constitutional question "beyond debate."

*Evans v. Skolnik*, 997 F.3d 1060, 1066 (9th Cir. 2021) (simplified). And none of the majority's other cited cases fares better in clearly establishing that Lockwood's conduct was unconstitutional.

I respectfully dissent.